CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/25/2026
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **ARTHUR LEE HAIRSTON, Sr.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | |
| | ) | |
| **LIBERTY UNIVERSITY, MISTY DOSIO, NICHOLAS ANDREWS, and WESLEY VORBERGER,** | ) | **Case No. 6:25-cv-110** |
| | ) | |
| | ) | **By: Michael F. Urbanski** |
| **Defendants** | ) | **Senior United States District Judge** |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Arthur Lee Hairston, Sr., proceeding pro se, filed a complaint against defendants Liberty University, Misty Dosio, Nicholas Andrews, and Wesley Vorberger for discrimination and retaliation in alleged violation of (1) Title VI of the Civil Rights Act of 1964; (2) Section 504 of the Rehabilitation Act of 1973; and (3) the Fourteenth Amendment to the United States Constitution; as well as a claim for (4) breach of contract in violation of 41 U.S.C. § 6503 and Va. Code § 59.1-507.1.[1] Compl., ECF No. 1. These claims arise out of Hairston's time as a student at Liberty University. Hairston claims that (1) he received lower grades in two courses, Wills, Trusts and Estates taught by Nicholas Andrews, and Family Law taught by Misty Dosio, in retaliation for exposing the "false teaching blog written by Professor Chrisman," concerning Medicare and Social Security; and (2) suffered disability discrimination by not receiving an accommodation for turning in a paper half a day late in August 2024 in a

[1] On January 21, 2026, Hairston filed a Motion to Amend the Complaint to allege breach of contract under Va. Code § 59.1-507.1, rather than 41 U.S.C. § 6503, as alleged in the original complaint. Mot. to Amend, ECF No. 7.

Constitutional Law course taught by Wesley Vorberger. Hairston claims injury by having to leave Liberty University, lose course credits, and stay in school longer. Id. at 7. Hairston's complaint references a number of exhibits which are attached to the complaint, which may be considered by the court. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Goines v. Valley Cmty. Serv. Bd., 822 F.3d 159, 165-66 (4th Cir. 2016).

Before defendants responded, Hairston filed a motion for summary judgment, restating his allegations and attaching a number of exhibits. Mot. for Summ. J., ECF No. 9. Hairston filed a second motion for summary judgment on June 3, 2026, in which he urges the court to grant judgment in his favor. Mot. for Summ. J., ECF No. 26. Also pending is Hairston's motion requesting the status of his civil complaint. ECF No. 29.

Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 11. In their motion, defendants assert that Hairston's Rehabilitation Act claim is time-barred, the complaint fails to state a claim for discrimination or retaliation under the Rehabilitation Act, and fails to state a claim for a Title VI, Fourteenth Amendment, or breach of contract claim. Mem. in Supp. of Mot. to Dismiss, ECF No. 12.

The parties have filed substantial briefing on the issues raised in the pending motions, and no hearing is necessary as it would not aid the decisional process.

**I.**

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint be dismissed when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must allege enough facts "to raise a right to relief above the speculative level." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Twombly, 550 U.S. at 555). "Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." Id. (quoting Iqbal, 556 U.S. at 679). A pro se complaint is "'to be liberally construed,' and . . . 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). This rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022). However, application of the liberal construction rule "does not transform the court into an advocate" for a pro se litigant. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). A pro se complaint "still must contain 'enough facts to state a claim for relief that is plausible on its face.'" Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (quoting Twombly, 550 U.S. at 570).

**II.**

Hairston's complaint fails to allege plausible legal claims, even when construed liberally. First, as regards the claim that Hairston was not provided an accommodation to turn in an assignment late in a Constitutional Law course taught by Wesley Vorberger, the complaint and the exhibits attached thereto fail to state a Rehabilitation Act claim for two reasons. First, Hairston's complaint fails to sufficiently allege facts to support the elements of a Rehabilitation Act claim. Second, as pled, Hairston's Rehabilitation Act claim is time barred.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In general, a plaintiff seeking recovery for violation must allege that (1) he has a disability, (2) he is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability. Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 498 (4th Cir. 2005) (citing Baird v. Rose, 192 F.3d 462, 467–70 (4th Cir.1999); Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1264–65 & n.9 (4th Cir.1995)). Hairston's allegations are entirely conclusory as to these elements and do not plausibly allege the nature of his disability, that he was qualified to turn in his August 19, 2024, assignment late because of his disability, and that he received no credit for that assignment because of that disability.

Second, claims under the Rehabilitation Act are subject to a one-year statute of limitations. J.S. ex rel Duck v. Isle of Wight County School Bd., 402 F.3d 468, 474-75 (4th Cir. 2005) (Under borrowing framework, "[t]he district court was therefore correct in adopting the one-year limitations period provided by the Virginia statute as the limitations period for J.S.'s federal claim under the Rehabilitation Act."). In Fuller v. Culpeper Cnty., No. 3:22cv0058, 2023 WL 2931855 (W.D. Va. April 13, 2023), this court concluded that a one-year statute of limitations applies to a Rehabilitation Act claim. The court stated:

> Because the Rehabilitation Act does not include an express statute of limitations, courts look to the most appropriate statute

> of limitations under state law. Wolsky v. Medical Coll. of Hampton Roads, 1 F.3d 222, 223–24 (4th Cir. 1993). The Virginia Rights of Persons with Disabilities Act provides the statute of limitations for actions under the Rehabilitation Act in Virginia, and that statute of limitations is one year. Id.; Va. Code § 51.5-46(B).
>
> A district court may consider the statute of limitations—an affirmative defense—at the motion to dismiss stage when the facts establishing the defense are apparent on the face of a plaintiff's complaint. Goodman v. Praxair, 494 F.3d 458, 464 (4th Cir. 2007). Plaintiff alleges her terminations occurred on November 5, 2019 and December 30, 2019. Compl. ¶¶ 2, 4. She filed her Complaint on October 12, 2022. Thus, her claim that Defendants violated the Rehabilitation Act is barred by the one-year statute of limitations and will be dismissed.

Id. at *8. As gleaned from his complaint and exhibits, it appears that Hairston's assignment was late when he submitted it at 1:39 pm on August 18, 2024. After Hairston complained about not being credited for the late assignment, Vorberger emailed Hairston on August 19, 2024, that "the class closed last Friday. Unfortunately, I cannot accept this assignment. There were multiple emails sent about this." Compl. Ex. III, ECF No. 1-1, at 4. The last act alleged by Hairston related to this claim occurred "on October 24, 2024, [when] Dosio informed me that I no longer could turn in discussion assignments late." Compl., ECF No. 1 at 5.

Hairston filed his complaint on December 10, 2025, more than one year after the events concerning his failure to receive credit for his late assignment. As such, Hairston's Rehabilitation Act claim regarding his late assignment is time-barred.

As pled, Hairston's complaint about not getting credit for his late Constitutional Law assignment does not plausibly state a federal claim.

**III.**

Hairston seeks to state a federal claim for low grades he received in a Wills, Trusts and Estates course taught by Nicolas Andrews and a Family Law course taught by Misty Dosio, asserting that he suffered a "true disparity in grading retaliation," Compl., ECF No. 1, at 2, because he "exposed a false teaching in Wills Trusts and Estates. A blog written by Professor Chrisman. That states Medicare and Social Security just might be the antithesis of the [B]ible." Id.

Hairston fails to state an actionable retaliation claim under any of the statutes or constitutional provisions he cites. Although Hairston alleges that this retaliation has caused him "great harm as a black student honorably discharged USAF citizen disabled veteran," id. at 6, nothing in the complaint or the exhibits attached thereto support a claim that the alleged retaliation for calling out "a patently false teaching doctrine," id., had anything to do with his disability. As a result, the complaint fails to state a claim for retaliation based on disability in violation of the Rehabilitation Act. In Lucas v. VHC Health, 128 F.3d 213, 220-21 (4th Cir. 2025), the Fourth Circuit affirmed dismissal of a claim for retaliation under the Rehabilitation Act because, as here, the alleged retaliation was not connected to her disability. The court stated:

> VHC's termination of Lucas as a patient does not satisfy the Rehabilitation Act, either. Lucas alleges no facts stating or even suggesting her termination had any connection to her disabilities. As the district court correctly noted, Lucas herself insists that she was terminated in retaliation for complaints about earlier discrimination, not her disability. . . . Without alleging facts connecting her disabilities to her termination, her termination cannot serve as a ground for her disability discrimination claim.

Nor does the complaint make any connection between the alleged "disparity in grading retaliation," Compl., ECF No. 1, at 2, and Hairston's race. "To survive a motion to dismiss

under Title VI, a plaintiff must plead sufficient facts supporting (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin." Lucas, 128 F. 4th at 221 (quoting Evans v. 7520 Surratts Rd. Operations, LLC, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *3 (D. Md. Nov. 16, 2021)). Hairston alleges that he suffered grade retaliation because he exposed a "false teaching," Compl., ECF No. 1, at 2, not because of his race. For the same reason, Hairston's complaint does not state a plausible Fourteenth Amendment equal protection violation. See Students for Fair Admissions, Inc. v. President and Fellows of Harvard College, 600 U.S. 181, 206 (2023 ) ("These decisions reflect the 'core purpose' of the Equal Protection Clause: 'do[ing] away with all governmentally imposed discrimination based on race.'").

As pled, Hairston's complaint about retaliatory grading does not state a plausible claim under the Rehabilitation Act, Title VI, or the Equal Protection clause of the Fourteenth Amendment.

**IV.**

In his complaint and putative amendment, Hairston points to two statutes, one federal (41 U.S.C. § 6503), and one state ( Va. Code § 59.1-507.1), claiming a breach of contract. In "Averment Six" of his complaint, Hairston references 41 U.S.C. § 6503 as follows:

> Averment Six: It is abundantly clear by direct objective fact evidence. That Liberty U., Dosio: the office of Accommodations and Vorberger directly discriminated against me. As a student and a person with disabilities. In that accommodations were in place in the fall of 2024 see exhibit (V). That allowed written discussion assignments to be turned in late. When I applied for accommodations on October 4, 2024, all accommodations were in place exhibit (V). Then on October 24, 2024, Dosio informed me that I no longer could turn in discussion assignments late.

> Now at this point I had not at that time heard anything from the office of accommodations.
>
> After that the office of accommodations sent out exhibit (VI) with no date of generation just Fall 2024. The trouble with this is. Liberty as I explained in my complaint can apply the change to anyone going forward but me. Also, not to others who had a contract in place at the start of the fall of 2024. That stated, "extended time to turn in written assignments". Exhibit (VI) was not part of the original contract. If it were it would have been in the signed agreement. Applying an unsigned notice going forward violates 504 section II, peoples with disabilities. Also, 41 U.S.C. 6503 breach of contract. The protections of Section 504 and Title II apply to people with disabilities. 41 U.S. Code § 6503 Breach or violation of required contract terms.

Compl. ECF No. 1, at 5-6.

As alleged herein, Hairston alleges that he applied for accommodations on October 4, 2024. However, the late assignment for which he claims an accommodation was due in August 2024, prior to the alleged application. To the extent Hairston seeks to allege a prior contract with Liberty existed in August 2024, when he was not credited with the late assignment, the complaint is devoid of any allegations regarding such a prior contract. Exhibits attached to Hairston's complaint do not support his claim. For example, Hairston's Exhibit VI concerns Accessibility Accommodations for the Fall 2024 semester, and it appears from Hairston's Exhibit IV that the Constitutional Law class about which he complains was taught in the summer of 2024. Also, although the origin of the header on Hairston's Exhibit V is uncertain, it states "Accommodation Letter sent at 2024-08-30 16:29:53," which also post-dates the late assignment.

Beyond that, 41 U.S.C. § 6503 has no bearing on this case. Section 6503(a) of Title 41 of the United States Code "applies in case of breach or violation of a representation or

stipulation included in a contract under section 6502 of this title." Section 6502 concerns "[a] contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000," which has no application to Hairston's enrollment at Liberty University.

Hairston's amendment references Va. Code § 59.1-507.1, which likewise is inapplicable to the alleged facts. Va. Code § 59.1-507.1 is part of Chapter 43 of the Virginia Code entitled Uniform Computer Information Transactions Act, which "chapter applies to computer information transactions." As defined in the statute,

> "Computer information transaction" means an agreement or the performance of it to create, modify, transfer, or license computer information or informational rights in computer information. The term includes a support contract under § 59.1-506.12. The term does not include a transaction merely because the parties' agreement provides that their communications about the transaction will be in the form of computer information.

Va. Code § 59.1-501.2(11). The statutory section identified by Hairston has no application to his claim that Liberty breached a contract with him regarding when he could turn in his Constitutional Law assignment.

Finally, regardless of Hairston's citations to these inapplicable federal and state statutes, his complaint does not otherwise identify a contract he had with Liberty that might be subject to breach under the common law. Accordingly, Hairston's allegations of breach of contract fail to articulate a plausible claim for relief.

**VI.**

As noted, Hairston has filed two motions for summary judgment, restating his complaint and attaching the exhibits appended to the complaint and others. Mot. Summ. J.,

ECF Nos. 9, 9-1, 26, 26-1. Given that the complaint will be dismissed for failure to state a claim, Hairston's motions for summary judgment are **DENIED as MOOT**.

**VII.**

For these reasons, the complaint filed by Hairston fails to state a claim under Section 504 of The Rehabilitation Act of 1973, Title VI of the Civil Rights Act of 1964, the Fourteenth Amendment, or for breach of contract under 41 U.S.C. § 6503, Va. Code § 59.1-507.1, or the common law. As such, defendants' motion to dismiss, ECF No. 11, is **GRANTED**. Those claims are dismissed without prejudice for failure to state a claim. Because Hairston is proceeding pro se, the court will afford him an additional opportunity to file an amended complaint within 30 days if he believes that he can remedy any of the pleading deficiencies identified above. If an amended complaint is not filed within 30 days, the case will be stricken from the court's active docket.

The Clerk is directed to terminate Hairston's motion to amend his complaint, ECF No. 7, as the court considered the amendment herein. The clerk is further directed to terminate Hairston's request for the status of his civil complaint, ECF No. 29, as his receipt of this memorandum opinion and order will address his request.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: September 24, 2026

Michael F. Urbanski
U.S. District Judge
2026.09.24 16:16:20
-04'00'

Michael F. Urbanski
Senior United States District Judge